United States Courts
Southern District of Texas
FILED

March 16, 2023

Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas

**ENTERED**

March 16, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAMES WESTLEY MCCULLERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:20-MC-763 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff James Westley McCullers, a state prisoner proceeding pro se, initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff was attempting to assert civil rights claims against Bryan Collier and other employees of the Texas Department of Criminal Justice, alleging that they are "extorting" him by forcing him to attend educational classes while incarcerated, and he also challenges the conditions of his confinement. (*Id.* at 1-3.) Plaintiff also filed an "Application to Proceed In Forma Pauperis." (Docket No. 2.) However, it has come to the Court's attention that Plaintiff has been released from custody, but he has failed to update his address with the Clerk and he has taken no action in this case since his release.

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

Plaintiff initiated this action seeking to assert various civil rights claims pursuant to 42 U.S.C. § 1983. (Docket No. 1.) However, because Plaintiff did not pay the required filing fee, it

was opened as a miscellaneous action.  Plaintiff alleges that Defendants are violating his civil rights by forcing him to attend educational classes while incarcerated, including vocational and/or college courses, which were not part of his final judgment.  (*Id.* at 2-3.)  Plaintiff asserts that because he is being charged a fee for these required educational classes, this amounts to "extortion."  (*Id.* at 3.)  Plaintiff also alleges that he is being held in an area of the prison where there are "no fire sprinklers," no air conditioning, and his medications are being withheld from him.  (*Id.* at 3; *see also* Docket Nos. 10, 14, 20, 22.)  As relief Plaintiff seeks a preliminary and permanent injunction, "compensatory damages in the amount of $40,000 against each Defendant," as well as "punitive damages in the amount of $70,000 against each Defendant."  (Docket No. 1, at 4.)

As noted, Plaintiff also filed an application to proceed in forma pauperis.  (Docket No. 2.)  However, the Court informed Plaintiff that his application was deficient because he failed to include a certified copy of his inmate trust fund account.  (Docket No. 16.)  Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary."  (*Id*. at 2.)  Plaintiff was further warned that "<u>[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case</u>."  (*Id.* (emphasis in original).)  Plaintiff timely responded.  (Docket No. 19.)

The Court then highlighted to Plaintiff that pursuant to the Prison Litigation Reform Act ("PLRA") he would be required to pay the filing fee in full, and again stressed to him his obligations to keep the Clerk advised of his current address.  (Docket No. 25, at 1-2.)  However, before responding to the Court's most recent communication, Plaintiff was released from state custody.  Notably, since his release Plaintiff has not kept the Clerk informed of his current address.

Perhaps more importantly, in more than two years Plaintiff has had no communications with the Court, nor has he taken any further action in this case.  (*See* Docket No. 24 (filed Sept. 21, 2020).)

## II.  ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  Plaintiff has failed to comply with the relevant rules and to prosecute this action.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'"  *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)).  This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address."  LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4.  As described above, Plaintiff has been released from state custody and he has failed to provide an updated address to the Clerk.  Additionally, Plaintiff has failed to communicate with the Court in any way in more than two years, suggesting that he no longer wishes to pursue this action.

In short, Plaintiff has failed to prosecute this action.  Because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and has failed to communicate with the Court, this case should be dismissed for failure to prosecute.  *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders).  No less drastic sanction is available here, given that the Clerk does not have an updated address for Plaintiff and the Court thus cannot communicate with him.  *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).[1]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this miscellaneous action be DISMISSED for failure to prosecute.

### NOTICE

---

[1] As noted, Plaintiff has been released from state custody.  However, a copy of this Report will be sent to Plaintiff at the address he provided.  Should Plaintiff respond to the Report the District Court may then wish to consider whether less drastic sanctions might be appropriate.

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on ___March 16___, 2023.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE